IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KORY DWAYNE MCCORMICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-753-HE |
| ) | |
| STATE OF OKLAHOMA, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Kory Dwayne McCormick, appearing pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983, challenging a search and seizure that led to his arrest and prosecution. Chief United States District Judge Joe Heaton has referred this matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial screening as required by 28 U.S.C. §§ 1915A 1915(e) (pertaining to actions brought in forma pauperis) it is recommended that the district court abstain from hearing this case. It is further recommended that the case be dismissed without prejudice and without leave to amend the Complaint.

## I. BACKGROUND

Plaintiff challenges the constitutionality of a search and seizure on Fourth Amendment grounds. The items police officials found during the search led to Plaintiff's arrest and ultimately to his criminal charges being filed in the District Court for Payne County, Oklahoma, Case No. CF-2017-283.[1] The docket sheet for the state criminal case

---

[1] The docket sheet for the state criminal case referenced herein may be viewed at www.oscn.net (last accessed August 25, 2017).

reflects that Plaintiff's preliminary hearing is set for September 20, 2017. A motion to suppress the evidence seized during the search is pending before the state court.

Plaintiff seeks relief in the form of an order dismissing the state court criminal proceeding with prejudice.

## II. ANALYSIS

Because the state court criminal prosecution is pending, this Court should abstain from entertaining this case under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (federal courts should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief). This Court may raise *Younger* abstention *sua sponte. See Morrow v.* Winslow, 94 F.3d 1386, 1391 n. 3 (10th Cir. 1996)

> "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (*quoting Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) and *Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997)).

All three conditions compelling *Younger* abstention are met in this case. There is an ongoing criminal proceeding in the state court. The state forum provides an adequate forum to hear claims—challenge to the constitutional validity of a search and seizure on Fourth Amendment Grounds—raised in the federal complaint. Further, the on-going state court proceeding is the most appropriate place to raise the Fourth Amendment challenge to the search and seizure. As to the third factor, "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Communications, Inc. v. Jacobs*, ___ U.S. ___, 134 S.Ct. 584, 588 (2013).

Although dismissal based on *Younger* abstention is without prejudice, the Court need not grant leave to amend the complaint because, in this case, amendment would be futile so long as the state criminal case is pending. *See Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (amendment need not be granted where futile).

### III. RECOMMENDATION

It is recommended that Plaintiff's Complaint **(ECF No. 1)** be dismissed without prejudice based on the doctrine of *Younger* abstention. Although dismissal is without prejudice, it is recommended that any motion to amend be denied as amendment would be futile.

### IV. NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the

District Court by **September 15, 2017**. See 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010).

V.     **STATUS OF THE REFERRAL**

This Report and Recommendation disposes of all issues currently referred to the undersigned magistrate judge in the captioned matter.

ENTERED on August 29, 2017.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE